UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-09031 MMM (CWx) | Date | January 19, 2010 |

| | |
|---|---|
| Title | *Kenneth Corsino, et al. v. Perkins & Marie Callender's, Inc., et al.* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **Order to Show Cause re: Subject Matter Jurisdiction**

Plaintiffs Kenneth Corsino et al. filed this putative class action in Los Angeles Superior Court on August 4, 2009; he filed a first amended complaint on October 19, 2009. The first amended complaint asserts seven causes of action: (1) failure to pay overtime in violation of California Labor Code §§ 1194 and 1198; (2) failure to provide meal breaks in violation of California Labor Code §§ 226.7 and 512 and IWC Order 5-2001; (3) failure to provide meal breaks in violation of California Labor Code §§ 226.7 and 512 and IWC Order 5-2001; (4): statutory waiting time penalties for failure to pay wages under California Labor Code §§ 201-203; (5) conversion in violation of California Civil Code §§ 3294 and 3336; (6) unlawful business practices in violation of California Business and Professions Code §§ 17200 et seq.; and (7) a cause of action under the Private Attorney General Act, California Labor Code § 2698 *et seq.* Defendants Perkins & Marie Callender's, Inc. ("Perkins"), and Marie Callender Pie Shops, Inc. ("Callender") removed the action to federal court on December 9, 2009, invoking the court's diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

**A.     Legal Standard Governing Removal Jurisdiction Under the Class Action Fairness Act ("CAFA")**

The right to remove a case to federal court is entirely a creature of statute. See, e.g., *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress. We look to federal law to determine whether the elements of removal jurisdiction have been established under the statutes, keeping in mind that removal statutes are strictly construed against removal" (citations omitted)). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states. See

28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1446 (setting forth removal procedures generally); 1453 (setting forth removal procedures for class actions). Only those state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending . . ."); see also, e.g., *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant. Absent diversity of citizenship, federal-question jurisdiction is required" (footnotes omitted)); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977) ("[I]n the absence of a specific statutory exception, a federal court can exercise removal jurisdiction over a case only if it would have had jurisdiction over it as originally brought by the plaintiff" (citations omitted)).

In 2005, Congress enacted the Class Action Fairness Act of 2005 ("CAFA"), Pub.L. No. 109-2, 119 Stat. 4. CAFA, which applies to actions commenced on or after February 18, 2005, provides district courts with original jurisdiction over civil actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and "is a class action in which[, *inter alia*,] any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2); see also *Luther v. Countrywide Homes Loans Servicing LP*, 533 F.3d 1031, 1033-34 (9th Cir. 2008) ("The Class Action Fairness Act of 2005 § 4(a), 28 U.S.C. § 1332(d)(2), amended the requirements for diversity jurisdiction by granting district courts original jurisdiction over class actions exceeding $5,000,000 in controversy where at least one plaintiff is diverse from at least one defendant. In other words, complete diversity is not required. CAFA also provided for such class actions to be removable to federal court. See 28 U.S.C. § 1453(b). CAFA was enacted, in part, to 'restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction.' Pub.L. No. 109-2, § 2(b)(2), 119 Stat. 4, 5 (codified as a note to 28 U.S.C. § 1711)").

Under CAFA, the number of members of all proposed plaintiff classes must exceed 100 in the aggregate. 28 U.S.C. § 1332(d)(5)(B). See also *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007) ("As a threshold matter, CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not 'States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.' § 1332(d)(5). . . . Once the prerequisites of § 1332(d)(5) are satisfied, CAFA vests federal courts with 'original' diversity jurisdiction over class actions if (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant. § 1332(d)(2)"); *id*. at 1021 n. 3 ("The Fifth Circuit characterized § 1332(d)(5) as an 'exception' to CAFA jurisdiction conferred under § 1332(d)(2). . . . We view § 1332(d)(5) somewhat differently. . . . [S]atisfaction of § 1332(d)(5) serves as a prerequisite, rather than as an exception, to jurisdiction under § 1332(d)(2). This distinction is important because, as we address later, there are 'exceptions' to the statute in which jurisdiction otherwise exists under § 1332(d)(2) but the federal courts either *may* or *must* decline to exercise that jurisdiction. See, e.g., § 1332(d)(3)-(4)").

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988) and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1992)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990) and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

As the Ninth Circuit has explained, CAFA does not disturb the traditional rule that the burden of establishing removal jurisdiction is on the proponent of federal jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("We . . . hold that under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction").

    **B.**    **Whether Defendant Has Established That Removal is Proper**

        **1.**    **Class Size and Amount in Controversy**

Defendants allege that the putative class has approximately 360 members.[1] This figure satisfies the minimum class size required by § 1332(d)(5).

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (emphasis original; citing *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005), and *Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003)).

Plaintiffs' complaint does not specify the amount in controversy; as a result, defendants bear the burden of proving, by a preponderance of the evidence, that the jurisdictional amount in controversy is satisfied. See, e.g., *Korn*, 536 F.Supp.2d at 1205 ("[A] defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. *Gaus*, 980 F.2d at 564, 567 (9th Cir. 1992). In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotations omitted). . ."); *Harrington v. Mattel, Inc.*, C07-05110 MJJ, 2007 WL 4556920, *3 (N.D. Cal. Dec. 20, 2007) ("Because it is not clear from the face of the

---

[1] Supplement to Notice of Removal at ¶ 1.

complaint if the jurisdictional amount in controversy is met, Defendants have the burden to prove, by a preponderance of the evidence, that the amount exceeds $5 million [citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold")])"; *Sanchez v. Wal-Mart Stores, Inc.*, Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, *1 (E.D. Cal. May 8, 2007) ("In her complaint, Sanchez does not allege a specific amount of damages. Therefore, this court has jurisdiction only if defendants establish by a preponderance of the evidence that potential damages exceed $5,000,000"); *Davis v. Chase Bank U.S.A., N.A.*, 453 F.Supp.2d 1205, 1208 (C.D. Cal. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. . . . Under this standard, the defendant must provide evidence that it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement. . . . In its discretion, a district court may accept certain post-removal admissions as determinative of the amount in controversy" (citations and quotation marks omitted)).

In their Supplement to the Notice of Removal, defendants calculate that the amount in controversy is approximately $8.05 million in unpaid overtime, and approximately $1.4 million in penalties under California Labor Code §§ 558(a) and 2699(a). These amounts do not include all other damages, penalties and costs sought. Defendants have therefore shown by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

### 2. Minimal Diversity

All named plaintiffs are residents of California, and the class they seek to represent consists of individuals who worked for defendants in California.[2] Defendants assert that Perkins is a Delaware corporation headquartered in Tennessee, and that its principal place of business is not in California.[3] None of its 163 restaurants is in California.[4] Consequently, defendant Perkins properly alleged that it is not a citizen of California, and that the minimal diversity required by CAFA is present.

### C.   Exceptions to CAFA Jurisdiction

Even if defendant shows that removal is otherwise proper under 28 U.S.C. § 1332(d)(2), the district court has discretion to decline jurisdiction under 28 U.S.C. § 1332(d)(3). It may also be required to decline jurisdiction under two exceptions: 28 U.S.C. § 1332(d)(4)(A), the "local controversy" exception, and 28 U.S.C. § 1332(d)(4)(B), the "home-state controversy" exception. The burden of establishing that these exceptions apply lies not with the removing party, but with the

---

[2]First Amended Complaint, ¶¶ 3-10.

[3]*Id.*, ¶ 13.

[4]And, it has more in Florida than any other state. *Id.*

party seeking remand. "The structure of the statute and the long-standing rule on proof of exceptions to removal dictate that the party seeking remand bears the burden of proof as to any exception under CAFA." *Serrano*, 478 F.3d at 1019.

The "local controversy" exception applies only if, "during the 3-year period preceding the filling of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). Defendants' Notice of Pendency of Other Actions identifies a case pending in the United States District Court for the Southern District of California, Case No. 09-CV-1305 JLS (POR), *Jamie Morse v. Marie Callender Pie Shop, Inc.*, which involves similar claims brought against one of the defendants to the present action, Callender. Absent some showing by plaintiffs, therefore, they will be unable to meet their burden of establishing that the "local controversy" exception applies.

The "home-state controversy" exception, however, may apply. This exception requires that the district court decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the *primary defendants*, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (emphasis supplied). All potential plaintiffs in the class appear to be California citizens,[5] and the action was originally filed in the Los Angeles Superior Court. Accordingly, if the "primary defendants" are citizens of California, the court must decline jurisdiction. One defendant, Callender, is incorporated in California,[6] and the remaining named defendant, Perkins, is not a citizen of California.[7] Whether the court may exercise jurisdiction, therefore, depends on whether Perkins is a "primary defendant."

Many courts "agree that the term 'the primary defendants' means that all primary defendants must be citizens of the state concerned." *Manson v. GMAC Mortgage, LLC*, 602 F.Supp.2d 289, 296-297 (D. Mass. 2009) (citations omitted). See also *In re Hannaford Bros. Co.*, 564 F.3d 75, 80 (1st Cir. 2009) ("CAFA's home state exception . . . encompass[es] only those suits where . . . *all* of the primary defendants are citizens of the same state. Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the exception" (emphasis supplied)). "[A]s evident from the statute's use of the phrase 'the primary rather than 'a primary defendant,' the plain language of the statute requires remand only when all of the primary defendants are residents of the same state in which the action was originally filed." *Anthony v. Small Tube Mfg. Corp.*, 535 F.Supp.2d 506, 514 (E.D. Pa. 2007) (internal quotations and citations omitted). See also *Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir. 2006) (determining that, in 28 U.S.C. § 1332(d)(5)(A), the presence of the definite article in "the primary defendants" means the clause refers to all the primary

---

[5]The class includes 337 California assistant managers, 49 California kitchen managers, and no non-California employees. (Joint 26(f) Report at 3.)

[6]Notice of Removal, ¶ 13.

[7]See discussion above regarding minimal diversity.

defendants); *Brook v. UnitedHealth Group, Inc.*, 06-CV 12954, 2007 WL 2827808, *6 (S.D.N.Y. Sept.27, 2007) ("The plain language of the home state controversy section demonstrates that Congress intended that the State citizen requirement pertain to all primary defendants."); *Irish v. BNSF Ry. Co.*, No. 08-CV-469, 2009 WL 276519, *14 (W.D. Wis. Feb. 4, 2009) (same).

"The term 'primary defendants' has no clear, unambiguous meaning[, however,] and is not an established term of art." *Kearns v. Ford Motor Co.*, No. CV 05-5644 GAF(JTLx), 2005 WL 3967998, *7 (C.D. Cal. Nov. 21, 2005).[8] "Primary defendant" is not defined in the statute, and the Ninth Circuit has expressly declined to address definition of the term.[9] *Serrano*, 478 F.3d at 1025-25. While not expressly defined in CAFA, the Senate Report considered the term as used in other subsections:

> "For purposes of class actions that are subject to subsections 1332(d)(3) and (d)(5)(A), the Committee intends that 'primary defendants' be interpreted to reach those defendants who are the real 'targets' of the lawsuit – i.e., the defendants that would be expected to incur most of the loss if liability is found. Thus, the term 'primary defendants' should include any person who has substantial exposure to significant portions of the proposed class in the action, particularly any defendant that is allegedly liable to the vast majority of the members of the proposed classes (as opposed to simply a few individual class members)." S. Rep. No, 109-14, at 43-44 (2005).[10]

It is notable, however, that the Senate Report expressly limited itself to the two cited subsections, and

---

[8]One court has noted:
"There is no statutory definition of the phrase, 'the primary defendants,' which leaves it to the case law to develop. It is possible to postulate various ways of approaching the issue as a matter of substantive law – e.g., primary vs. secondary liability as statutorily defined; direct vs. vicarious liability at common law; actor vs. conspirator. But it is also possible that the statute is intending to focus on the target defendants in fact – the deep pockets from whom relief is actually available." *Lao v. Wickes Furniture Co., Inc.*, 455 F.Supp.2d 1045, 1060 n. 4 (C.D. Cal. 2006), disagreed with on other grounds in *Serrano*, 478 F.3d at 1023).

[9]To date, no other circuit court has considered the definition of "primary defendant."

[10]The Senate Report was issued ten days after CAFA's enactment, which has caused some courts to question its value in discerning legislative intent. See *Moua v. Jani-King of Minnesota, Inc.*, 613 F.Supp.2d 1103, 1108 (D. Minn. 2009); *Brook v. UnitedHealth Group Inc.*, No. 06 CV 12954, 2007 WL 2827808, *5 (S.D.N.Y. Sep. 27, 2007) (citing *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006)). Courts have nonetheless considered the report in determining the meaning of "primary defendants." See *Hangarter v. Paul Revere Life Ins. Co.*, No. C 05-04558, 2006 WL 213834, *3 (N.D. Cal. Jan. 26, 2006) (considering the report despite commenting that "[the] report is of dubious value as an interpretative aid").

did not discuss definition of the term as used in § 1332(d)(4). With respect to the home-state exception, the Senate Report stated only that:

> "for cases in which two-thirds or more of the members of the plaintiff class and the primary defendants are citizens of the state in which the suit was filed, subsection 1332(d)(4)(B) states that federal jurisdiction will not be extended by [CAFA]. Such cases will remain in state courts under the terms of [CAFA], since virtually all of the parties in such cases (both plaintiffs and defendants) would be local, and local interests therefore presumably would predominate." *Id.* at 36.

One district court has described a primary defendant

> "as one: '(1) who has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the claims asserted by plaintiffs; or (5) is the only defendant named in one particular cause of action.'" *Sorrentino v. ASN Roosevelt Center, LLC*, 588 F.Supp.2d 350, 359 (E.D.N.Y. 2008) (quoting *Brook*, 2007 WL 2827808 at *6).

See also *Powell v. Tosh*, No. 5:09-CV-000121-TBR, 2009 WL 3484064, *10 (W.D. Ky. Oct. 22, 2009) (applying *Sorrentino* factors); *Nicholson v. Prime Tanning Corp.*, No. 09-6083-CV-SJ-GAF, 2009 WL 2900042, *1 (W.D. Mo. Sept. 3, 2009) (applying the same five factors and citing *Moua v. Jani-King of Minnesota, Inc.*, 813 F.Supp.2d 1103, 1108 (D. Minn. 2009), in turn citing *Brook*, 2007 WL 2827808 at *6); *Manson v. GMAC Mortgage, LLC*, 602 F.Supp.2d 289, 296 (D. Mass. 2009) (same); *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F.Supp.2d 1312, 1318 (M.D. Fla. 2008) (applying the five factors and citing *Brook*, 2007 WL 2827808 at *7). Cf. *Hangarter*, 2006 WL 213834 at *3 (considering whether a state actor was the primary defendant for purposes of § 1332(d), and finding that the defendant was primary because "the relief sought from him is substantial in its own light, because he is the only defendant potentially liable on the eighth cause of action and because he would be liable to the entire class").

The ultimate question in *Sorrentino* was whether "there [was] a reasonable basis upon which to differentiate [the purported non-primary defendant] from the remaining defendants." *Sorrentino*, 588 F.Supp.2d at 359. See also *Cooper*, 586 F.Supp.2d at 296 (noting that the court must identify some "rationale to differentiate . . . the primary defendant [and] . . . secondary defendants"). In *Sorrentino*, Judge Spatt found that a particular defendant was "primary" because it had directly entered into agreements with plaintiffs, was the only entity named in related actions, and was "directly liable to plaintiffs and secondary defendants as parties joined under theories of vicarious liability or for purposes or contribution or indemnification." *Id.* at 359 (quoting *Laws v. Priority Trustee Services of N.C., L.L.C.*, No. 3:08CV103, 2008 WL 3539512, *5 (W.D. N.C. Aug. 11, 2008)).

The court notes that Callender, the California corporation, is the only entity named in the action pending in the Southern District of California. Further, the court notes the assertion that

Perkins owns no stores in California. Thus, it may be that only Callender, as owner and operator of the individual stores, employed the class members and was directly responsible for statutory compliance. Plaintiffs' state-court complaint pleads all allegations against "defendants," without differentiating the conduct of Perkins from that of Callender. The facts may show, consequently, that Callender is the primary defendant in this action and Perkins is only secondarily liable. This possibility is bolstered by the fact that a similar class action was pursued against Callender only.[11]

Other courts have emphasized the requirement that primary defendants be "those parties that are allegedly directly liable to the plaintiffs, while 'secondary' defendants are . . . those parties sued under theories of vicarious liability or joined for purposes of contribution or indemnification." *Kurth v. Arcelormittal USA, Inc.*, No. 2:09-CV-108RM, 2009 WL 3346588, *6 (N.D. Ind. Oct. 14, 2009) (quoting *Anthony v. Small Tube Manufacturing Corp.*, 535 F.Supp.2d 506, 515-516 (E.D. Pa. 2007), in turn quoting *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 WL 3392752, *17 (S.D. Ill. Nov. 22, 2006)). See also *Laws v. Priority Trustee Services of N.C., L.L.C.*, No. 3:08-CV-103, 2008 WL 3539512, *4 (W.D.N.C. Aug. 11, 2008) (holding that primary defendants are "those parties that are directly liable to plaintiffs and secondary defendants [are] parties joined under theories of vicarious liability or for purposes or contribution or indemnification"); *Myers v. Jani-King of Philadelphia, Inc.*, No. 09-1738, 2009 WL 2394362, *3 (E.D. Pa. Aug. 4, 2009) (citing cases applying a vicarious liability test); *Grimmelmann v. Pulte Home Corp.*, No. CV-08-1878-PHX-FJM, 2009 WL 1211771, *2 (D. Ariz. May 1, 2009) ("Although the CAFA does not define the term 'primary defendants,' some courts have interpreted it to mean 'those parties that are directly liable to plaintiffs,' as opposed to those joined on a theory of vicarious liability, or for indemnification or contribution," quoting *Sorrentino*, 588 F.Supp.2d at 359); *Serrano v. 180 Connect, Inc.*, No. C 06-1363 THE, 2006 WL 2348888,*2 (N.D. Cal. Aug. 11, 2006) (defining primary defendant as one who "either (1) is potentially directly liable for a primary portion of a potential settlement or damages or (2) played a main or principal role in the underlying dispute"), overruled on other grounds, 478 F.3d at 1018; *Kearns v. Ford Motor Co.*, No. CV 05-5644 GAF(JTLx), 2005 WL 3967998, *8 (C.D. Cal. Nov. 21, 2005) (considering the distinction between primary and vicarious liability in tort law to determine whether defendant was primary for purposes of CAFA).

As a consequence, "there seems to be a settled judicial understanding of 'primary defendants' as those parties having a dominant relation to the subject matter of the controversy, in contrast to other defendants who played a secondary role by merely assisting in the alleged wrongdoing, or who are only vicariously liable." *McClendon v. Challenge Financial Investors Corp.*, No. 1:08CV1189, 2009 WL 589245, *13 (N.D. Ohio Mar. 9, 2009). The other factors articulated in *Sorrentino*, however, are relevant to whether a defendant may be characterized as "primary." *Raspberry v.*

---

[11]Plaintiffs will not meet their burden "simply by demonstrating that [Callender] is a wholly-owned subsidiary with some consolidated functions." *Harrington v. Mattel, Inc.*, No. C07-05110 MJJ, 2007 WL 4556920, *5 (N.D. Cal. Dec. 20, 2007) (noting that parent and subsidiary are distinct legal entities, and court must separately analyze whether each is a primary defendant).

*Capitol County Mutual Fire Insurance Co.*, 609 F.Supp.2d 594, 606 (E.D. Tex. 2009) (noting that the term primary defendant excludes those "whose liability is based on vicarious liability, indemnification, or contribution" quoting *Bennett v. Board of Commissioners for East Jefferson Levee Dist*rict, Nos. 07-3130, 07-3131, 2007 WL 2571942, *6 (E.D.La. Aug. 31, 2007), but finding that whether defendant is one who "has substantial exposure to significant portions of the proposed class in the action, particularly any defendant that is allegedly liable to the vast majority of the members of the proposed classes (as opposed to simply a few individual class members)" is also a relevant factor, quoting *Robinson v. Cheetah Transportation*, No. 06-0005, 2006 WL 468820, *2 n.7 (W.D. La. Nov. 14, 2006)).

The court is cognizant that the burden of establishing that this exception applies, and consequently that the action should be remanded to Los Angeles Superior Court, lies with plaintiffs. The court nonetheless has an "independent obligation to ensure that it in fact has subject matter jurisdiction," and finds it "necessary to examine these exceptions due to their mandatory language directing that a district court *shall decline to exercise jurisdiction*." *Kendrick v. Standard Fire Ins. Co.*, No. 06-141-DLB, 2007 WL 1035018, *5 n. 5 (W.D. Ky. Mar. 31, 2007) (emphasis original). Although the precise definition of "primary defendant" is not established, the tests applied by those courts that have considered the question convince the court that there is substantial doubt as to whether it has subject matter jurisdiction in this case.

The court accordingly orders defendants to show cause on or before **January 22, 2010** why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction. Plaintiffs are directed to file a response addressing the question of the primary defendant(s) in this case no later than **January 29, 2010**.

